UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

WILLIAM WILLIAMS,

          Petitioner,              Case No. 1:24-cv-3

v.                                          Honorable Sally J. Berens

MICHELLE LAJOYE-YOUNG,

          Respondent.

_____/

## OPINION

Petitioner William Williams is a pretrial detainee confined to the Kent County Jail. In Kent County Case No. 22-09293-FC, he is charged with two counts of first-degree child abuse in violation of Mich. Comp. Laws § 750.136b, one count of torture in violation of Mich. Comp. Laws § 750.85, and one count of unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b. *See* Register of Actions, *People v. Williams*, Case No. 22-09293-FC (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (select "Criminal Case Search," enter First Name "William," Last Name "Williams," and Year of Birth "1973"; complete reCAPTCHA; select Case Number 22-09203-FC) (last visited Jan. 24, 2024). Petitioner has filed a document complaining about the prosecution and stating, among other things, that the prosecutor has collected false evidence, committed a *Brady* violation, and denied Petitioner his due process rights. (Pet., ECF No. 1, PageID.2.) Petitioner contends that his charges should have been dismissed.

The Court interprets Petitioner's submission as a request for release from his pretrial detention. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983."). When a prisoner is in custody pursuant to the judgment of a state court, he or she must seek relief under 28 U.S.C. § 2254. When a prisoner is in custody prior to judgment, relief is available under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Accordingly, the Court will address Petitioner's claim that his pretrial detention violates his constitutional rights as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The filing fee for a habeas petition is $5.00. Petitioner failed to pay the fee or to seek leave to proceed *in forma pauperis* as required by 28 U.S.C. § 1915. The Court notified Petitioner of the deficiency by order entered January 3, 2024. (ECF No. 3.) The Court afforded Petitioner an opportunity to correct the deficiency; however, in light of the determination that the claims raised in the petition are unexhausted and premature, the Court will waive the deficiency and enter an order granting Petitioner leave to proceed *in forma pauperis*. The Court notes that Petitioner is proceeding with the assistance of appointed counsel in the Kent County Circuit Court criminal proceedings.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4, PageID.8.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

A claim for habeas relief under Section 2241 is not subject to all of the specific statutory requirements set forth in Section 2254. For example, the Section 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a Section 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under Section 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1 (6th Cir. 1981); *see also Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment Section 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

None of Petitioner's claims regarding his pending charges and detention fall within any of these exceptional circumstances. Furthermore, Petitioner is asking the Court to release Petitioner from his confinement and dismiss the charges against him. That relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petition brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a Section 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues

5

arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not indicate that he has sought relief in the Michigan Court of Appeals or the Michigan Supreme Court. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief. Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).

Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied because the relief he seeks is not available by way of a pretrial habeas petition and because he has failed to exhaust his state court remedies. In other words, the petition is premature. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under Section 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order granting Petitioner's request for leave to proceed *in forma pauperis*. The Court will also enter an order and judgment dismissing the petition as premature and denying a certificate of appealability.

Dated: January 31, 2024          /s/ Sally J. Berens
                                 SALLY J. BERENS
                                 United States Magistrate Judge

7